# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW LARSEN<br>1624 Corcoran Street NW, Apt. H<br>Washington, DC 20009<br><br>*On Behalf of Himself and All*<br>*Other Similarly Situated Individuals*<br><br>PLAINTIFF,<br><br>v.<br><br><br>SLEDGE, INC. d/b/a 9:30 CLUB<br>815 V Street NW<br>Washington, DC 20001<br><br>    SERVE: Resident Agent<br>    Clinton Edward Stack<br>    815 V Street NW<br>    Washington, DC 20001<br><br>IT'S MY PARTY, INC.<br>6112 Lenox Road<br>Bethesda, Maryland 20817<br><br>    SERVE: Resident Agent<br>    Sam Hurwitz<br>    815 V Street NW<br>    Washington, DC 20001<br><br>DEFENDANTS. | <br><br><br><br><br><br><br><br><br><br>Case No. 1:24-cv-00388<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Requested** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Andrew Larsen ("Plaintiff" or "Larsen"), individually and on behalf of all other similarly situated individuals, by and through his undersigned counsel and the law firm of Zipin, Amster & Greenberg, LLC, hereby files this Class and Collective Action Complaint against Defendants Sledge, Inc. d/b/a 9:30 Club ("9:30 Club") and It's My Party, Inc. ("IMP") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the District of Columbia Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001, *et seq.* ("DCMWA"), and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff Andrew Larsen is an adult resident of the District of Columbia. By participating as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

2. Defendant Sledge, Inc. is a corporation formed under the laws of the District of Columbia and with its principal place of business in the District of Columbia.

3. Defendant It's My Party, Inc. is a corporation formed under the laws of the State of Maryland and with its principal place of business in the District of Columbia. Defendant IMP is in the business of operating concert venues and theaters throughout Washington, D.C. and the surrounding areas. IMP owns and operates Defendant Sledge, Inc.

4. Defendants together own and operate 9:30 Club, a concert venue and nightclub located at 815 V Street NW, Washington, DC 20001. In addition to 9:30 Club, Defendant IMP also owns and operates The Anthem, The Atlantis, Merriweather Post Pavilion, and Lincoln Theatre.

5. At all times relevant, Plaintiff Andrew Larsen was employed by Defendants in the District of Columbia as a Bartender at 9:30 Club.

6. At all times material herein, Defendants, in the aggregate and in the individual, have had an annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food, drinks, cleaning supplies, and other related items) that were moved in or produced for commerce.

8. At all times, Defendants were Plaintiff's "employers" for purposes of the FLSA, the DCMWA, and the DCWPCL.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

10. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claims.

11. All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## FACTS CONCERNING NAMED PLAINTIFF

12. Plaintiff began working for Defendants as a bartender on approximately October 11, 2022. He is currently employed in that same role.

13. During the relevant period, Defendants paid Plaintiff at an hourly rate of between $5.35 and $8.00.

14. Plaintiff's regular rate of pay fell below the DC Minimum Wage at all times during the relevant period and fell below the Federal minimum wage from approximately October 2022 until roughly July 2023. While Plaintiff did receive tips, these tips did and do not legally offset Defendants' obligations to pay him minimum wages.

15. In about October 2022, 9:30 Club's bar staff held a meeting and voted to enact a tip-splitting policy by which the total tip pool would be split between bartenders and barbacks. Under the policy, bartenders would receive 80% of the total tip pool each night and barbacks would receive 20% of the total tip pool.

16. In approximately December 2022, 9:30 Club's bar manager was abruptly demoted and an interim manager was installed. Upon this change, 9:30 Club, without notice to its employees, began to split tips evenly between all bartenders and bar backs pursuant to the number of hours each employee works. As a result of this change, bartenders and barbacks received an equal share of the total tip pool.

17. Moreover, each night bar staff fill out a tip sheet to record the amount of tips they received to assist Defendants in splitting tips between them. This sheet, which was in use at all times relevant, explicitly states that barbacks are to receive 20% of the total tip pool.

18. Barbacks received a smaller percentage of the overall tip pool because their hourly rate was much higher than the hourly rate of bartenders.

19. Plaintiff, along with Defendants' other bar staff employees, did not become aware of 9:30 Club's unlawful deviation from its tip-splitting policy until a bar staff meeting on roughly December 11, 2023. At no time prior to that meeting did Defendants notify Plaintiff or their other bar staff employees of the change to its tip-splitting policy.

20. As of the date of this Complaint, Defendants failed to provide Plaintiff and other bar staff with written notice of this tip-splitting policy,

21. As of the date of this Complaint, Defendants failed to provide Plaintiff and other bar staff with sufficient notice that "tipped employees shall retain all tips received" or that

"gratuities received by the employee have been retained by the employee" as required by D.C. Code § 32-1003(g).

22. Defendants failed to provide Plaintiff and other bar staff notice that they must receive the minimum wage for all hours worked.

23. Furthermore, Defendants failed to provide Plaintiff and other bar staff with notice at the time of hiring, as set forth in D.C. Code § 32-1008(c). Defendants also failed to provide Plaintiff and other bar staff notice as required in D.C. Code § 32-1008(b).

24. Specifically, pursuant to D.C. Code § 32-1008(c), Defendants were required to provide a written notice to all employees upon their hiring and upon any changes to said written notice of: (1) Defendants' names, including their "doing business as" names; (2) the physical addresses of Defendants' main office or principal place of business, and a mailing address, if different; (3) Defendants' telephone numbers; (4) the employees' rates of pay and the basis of that rate; (5) Defendants' tip-sharing policy; and (6) the employees' regular payday. D.C. Code § 32-1008(c).

25. Defendants never provided the full, complete, and accurate "tip credit" notice to Plaintiff or other tipped employees at the start of their employment. Moreover, Defendants did not provide written notice to Plaintiff or other tipped employees upon modifying their tip-sharing policy in roughly December 2022.

26. As a result of Defendants' failure and refusal to provide Plaintiff and other tipped employees with the legally required "tip credit" notice, Defendants did not qualify for the use of the "tip credit" as a method of compliance with the DCMWA minimum wage requirements.

27. Despite Defendants' failure to notify or otherwise post its tip-sharing policy, and Plaintiff's discovery of the unlawful change in said policy, Defendants continue to distribute tips to Plaintiff and other tipped employees in accordance with this unannounced policy.

28. As a result of this unannounced change in 9:30 Club's tip-sharing policy, Plaintiff received a smaller portion of tips for each shift he worked than he was initially advised he would receive.

29. During the period relevant to this case, Defendants unlawfully deducted, kept, or assigned earned tip wages belonging to Plaintiff and other tipped employees.

30. At all times relevant, Defendants had actual knowledge of the FLSA and DCMWA minimum wage and "tip credit" requirements.

31. Plaintiff's primary work duties did not qualify for any exemption under the FLSA, the DCMWA, or the DCWPCL.

## FACTUAL ALLEGATIONS COMMON TO CLASS AND COLLECTIVE

32. All members of the putative class worked for Defendants as tipped employees (the "Putative Class").

33. Defendants paid Plaintiff and other tipped employees less than the minimum wage set forth in the FLSA and the DCMWA.

34. Defendants did not qualify for any tip credit to offset their minimum wage obligations.

35. Defendants made substantial and ongoing deductions to bartenders' tips. Defendants, without notice to any of their bar staff, began splitting tips equally between bartenders and barbacks in approximately December 2022.  As a result of this unannounced change, Plaintiff

and other bartenders received a smaller overall share of the tip pool than Defendants represented to them they would receive.

36. Therefore, Defendants failed to allow Plaintiff and other bartenders to retain all of the gratuities they had rightfully earned.

37. Additionally, Defendants violated "tip credit" requirements by failing to provide Plaintiff and other bartenders with the statutory notice required by the DCMWA.

38. Defendants' failure and refusal to pay Plaintiff and the Putative Class the wages they rightfully earned, as required by the FLSA, the DCMWA, and the DCWPCL, was willful and intentional. Defendants' wage violations were not the result of objective good faith.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings his claims as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308, on behalf of himself and all similarly situated employees.

40. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating Plaintiff's claims.

41. Plaintiff requests that he be permitted to serve as representative of those who consent to participate in this action and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308.

42. Pursuant to 29 U.S.C. § 216(b), by acting as the named Plaintiff in this action, Plaintiff affirmatively consents in writing to be a plaintiff and to recover unpaid wages and damages sought in this action.

## DCMWA/DCWPCL CLASS ACTION ALLEGATIONS

43. Plaintiff brings his claims for violations of the DCMWA and the DCWPCL as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and D.C.

Code § 32-1308, on behalf of himself and all similarly situated employees, for relief to redress and remedy Defendants' violations of the DCMWA and DCWPCL.

44. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating Plaintiff's claims and those of the Putative Class.

45. <u>Numerosity</u>: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class comprises at least thirty (30) individuals.

46. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that Plaintiff and all Putative Class members have been harmed by Defendants' failure to provide notice pursuant to D.C. Code § 32-1003 and D.C. Code § 32-1008. Additionally, Defendants did not allow all gratuities received by the Plaintiffs to be retained by the employees, in violation of D.C. Code § 32-1003(g)(3).

47. The common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendants provided proper notice to Plaintiff and Putative Class members such that Defendants were entitled to offset their minimum wage obligations with tips Plaintiff and Putative Class members received; and

   b. Whether Defendants allowed Plaintiff and Putative Class members to retain all gratuities received in compliance with D.C. Code § 32-1003(g)(3), such that Defendants were entitled to offset their minimum wage obligations with tips Plaintiff and Putative Class members received.

48. <u>Typicality</u>: Plaintiff's claims are typical of the claims of each Putative Class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.

49. All Putative Class members were subject to the same compensation practices of Defendants, as alleged herein.

50. Defendants' compensation policies and practices affected all Putative Class members similarly.

51. Plaintiff and the Putative Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by Defendants.

52. <u>Adequacy of Representation</u>: Plaintiff is able to fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between Plaintiff and members of the proposed class.

53. Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

54. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

55. Further, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

56. <u>Public Policy Considerations</u>: Defendants violated the District of Columbia wage and hour laws. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## PROPOSED CLASS AND COLLECTIVE

57. <u>The Proposed Class and Collective</u>: All tipped employees (*i.e.* bussers, servers, and bartenders) who worked for Defendants during the last three (3) years and who were paid below minimum wage and who were not provided the notice required under D.C. law.

58. All putative members are readily identifiable from information and records in the possession and control of the Defendants.

59. The number of hours worked and the rate of each of those hours is set forth in the paystubs of each Plaintiff and similarly situated tipped employee.

## CAUSES OF ACTION

### COUNT I
**Violation of the Federal Fair Labor Standards Act**
**(Minimum Wage)**

60. Plaintiff reasserts and re-alleges each and every allegation set forth above as if each was set forth herein.

61. The FLSA mandates that an employer must pay employees a minimum wage in the amount of $7.25 per hour for all hours worked each week.

62. At all times relevant, Plaintiff was Defendants' "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

63. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the minimum wage rate.

64. As set forth above, Defendants failed and refused to pay Plaintiff the minimum wage for all hours worked.

65. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I, for all unpaid minimum wages in an amount to be proven at trial, all tips wrongfully withheld, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

66. Plaintiff reasserts and re-alleges each and every allegation set forth above as if each was set forth herein.

67. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001, *et seq*.

68. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

69. As set forth above, Defendants failed to pay Plaintiff at an hourly rate that complies with the D.C. minimum wage requirement and Defendants were not entitled to any tip-credit which would offset their minimum wage obligations.

70. There was no objective good faith basis for Defendants' failure and refusal to pay Plaintiff as required by the DCMWA.

71. Additionally, Defendants have not promptly paid Plaintiff for all wages due.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, all tips wrongfully withheld, plus treble damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the D.C. Wage Payment and Collection Law
### (Unpaid Wages)

72. Plaintiff reasserts and re-alleges each and every allegation set forth above as if each was set forth herein.

73. Plaintiff was Defendants' "employee" and Defendants were Plaintiff's "employer" within the meaning of the DCWPCL.

74. Under the DCWPCL, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

75. "Wages" pursuant to the DCWPCL (D.C. Code § 32-1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

76. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

77. In addition to failing to properly pay Plaintiff minimum wages, Defendants wrongfully withheld tips and other income that was rightfully Plaintiff's.

78. Defendants owe Plaintiff wages for work duties performed as set forth above.

79. Defendants' failure to pay Plaintiff wages, as set forth above, constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPCL.

WHEREFORE, Defendants are liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, all tips wrongfully withheld, plus liquidated damages as provided by statute (treble damages), interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff and all those similarly situated collectively pray that this Honorable Court:

a. Issue an Order certifying this action as a collective action under the FLSA and D.C. Code § 32-1308, and designate Plaintiff as representative of all those similarly situated under the collective action.

b. Issue an Order certifying this action as a class action under the DCMWA and DCWPCL, and designate Plaintiff as representative on behalf of all those similarly situated under the DCMWA and the DCWPCL;

c. Award Plaintiff and all those similarly situated actual damages for all unpaid wages found due to Plaintiff and those similarly situated plus an award of statutory damages as provided by the FLSA, the DCMWA, and the DCWPCL;

d. Award Plaintiff and all those similarly situated pre-and post-judgment interest at the statutory rate;

e. Award Plaintiff and all those similarly situated attorney's fees, costs, and disbursements calculated at *Salazar* Index Rates; and

f. Award Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through undersigned counsel, respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

ZIPIN, AMSTER & GREENBERG, LLC

*/s/ Michael K. Amster*
Michael K. Amster, Bar No. 1001110

14

Gregg C. Greenberg, Bar No. MD17291
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel: (301) 587-9373
Fax: (240) 839-9142
mamster@zagfirm.com
ggreenberg@zagfirm.com

Anthony G. Bizien, Bar No. MD0051
45 Essex Street, Suite 3 West
Hackensack, NJ 07601
Tel: (551) 244-1257
Fax (240) 839-9142
abizien@zagfirm.com

*Counsel for Plaintiff and
Putative Class Members*